UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

WILLIAM E. MARTELL,   No. 15-10397

                     Debtor(s).
_____/

Memorandum on Objection to Claim
_____

Chapter 13 debtor William Martell originally objected to Claim No. 8, filed by Cavalry SPV I, LLC, in the amount of $1,136.68, on the grounds that the claim did not contain a copy of the writing on which it was based. The court summarily overruled the objection, as a claim cannot be disallowed merely because its proof was not accompanied by a Rule 3001(c) attachment. *In re Heath*, 331 B.R. 424, 435 (9th Cir. BAP 2005); *In re Guidry,* 321 B.R. 712, 714-15 (Bkrtcy.N.D.Ill. 2005), and cases therein cited. A bankruptcy court must allow a claim except to the extent that it is subject to one or more of the nine grounds for objection enumerated in § 502(b) of the Bankruptcy Code. *Id.*[1]

---

[1] Prior to the 2012 amendments to the Federal Rules of Bankruptcy Procedure, there was a minority view that failure to attach documents constituted an additional grounds for objecting to a claim outside of § 502(b). See *Heath* and *In re Pursley,* 451 B.R. 213 (Bkrtcy.M.D.Ga. 2011), for a discussion of the majority and minority views. The 2012 amendments to Rule 3001(c) make it clear that the consequences of failure to attach documents are procedural, not substantive, and automatic disallowance of a claim is not a proper consequence of failure to attach required documents to a claim.

1

Martell then filed the amended objection which is now before the court. It raises the same objection as before, and adds a new objection, that the documentation provided by the claimant did not provide enough proof that it was the successor in interest to Capital One Bank even though it attached a bill of sale executed by an officer of the bank and a copy of the bank's last statement. When the court noted that the amended objection suffered from the same infirmity as the first, Martell's counsel argued that the declaration of her client that "At the time I filed for bankruptcy, I did not owe a debt to Cavalry SPV I, LLC" established that the claim was not allowable pursuant to § 502(b)(1) as being unenforceable under applicable law.

To the extent that Martell's declaration is put forward as proof that the claim is unenforceable it does not state the whole truth. It omits the facts that he scheduled the Capital One claim and did not allege it was disputed. The account number he scheduled is the same account number as the statement attached to the claim. There is no competing claim from Capital One itself. Martell's declaration in no way supports his argument that the claim is not enforceable against him. Once again, he is left without any valid basis for objection pursuant to § 502(b).

More fundamentally, the court is disappointed in Martell's counsel for attempting to disallow a claim for trumped-up and technical reasons when the claim itself raises no substantial issues as to its validity and counsel knows that the small amount of the claim makes it uneconomic for the creditor to assert its rights. While some parts of the Bankruptcy Code may require rights to stand or fall on minor technicalities, claim allowance is not one of them. Rather, a debtor's over-reliance on non-substantive objections to claims may be evidence of abuse of the bankruptcy process. *In re Armstrong,* 320 B.R. 97, 108 (Bkrtcy.N.D.Tex. 2005).

For the foregoing reasons, Martell's objection to Claim number 8 will be overruled. A separate order will be entered.

//

//

2

Case: 15-10397    Doc# 93    Filed: 04/10/17    Entered: 04/10/17 17:16:22    Page 2 of 3

Dated: April 10, 2017

Alan Jaroslovsky
U.S. Bankruptcy Judge

3